MID–CONTINENT CASUALTY COMPANY, Appellant,

v.

Wilson L. MILLER, Lesley Shelton, R. & D. Air Conditioning Compressors, Inc. and Thomasine Johnson, Respondents.

No. 46861.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 27, 1983.

Daniel J. Harlan, St. Louis, for appellant.

Bertram Cooper, St. Louis, for respondents.

REINHARD, Judge.

Plaintiff insurance company appeals from a judgment declaring it obligated to provide coverage under its automobile liability policy with defendant Wilson Miller (hereafter referred to as defendant). The plaintiff seeks a declaratory judgment establishing that it is not bound under its policy to supply coverage for any liability which the defendant may incur as a result of a multi-car accident which occurred while driving a car which he did not own. At issue in this case is the applicability of a clause in the parties' insurance contract which excluded coverage for liability incurred by drivers of non-owned automobiles while engaged in an automobile business. We affirm the trial court's finding that the policy supplies coverage.

The facts of this case are not disputed. The defendant is a self-employed auto mechanic who owns and operates his own auto service shop. Defendant towed a car to his shop which he was interested in purchasing as a second car for his personal use. The defendant put gas in the car and charged the battery in order to test drive the car prior to making his purchase decision. While test driving the car, the defendant was involved in a multi-car collision. Several lawsuits have been filed against the defendant as a result of that collision.

The policy issued by plaintiff provided defendant with liability coverage on his own automobile and on any non-owned automobile. The policy excluded coverage for "a non-owned automobile while maintained or used by any person while such person is employed or otherwise engaged in the automobile business of the insured."

The trial court found that the defendant intended to purchase the car for his personal use, and as a result it entered judgment for the defendant.

The plaintiff does not dispute the court's finding that the defendant was operating the car for personal, rather than business, reasons when the accident occurred. The plaintiff argues, however, that the clear and unambiguous language of the policy nonetheless denies coverage under the circumstances. Plaintiff argues that because defendant is engaged in an automobile business and was driving a non-owned automobile he is denied coverage under the exclusion clause for "a non-owned automobile maintained or used by any person while such person is employed or otherwise engaged in the automobile business of the insured." We find no merit to plaintiff's contention.

In considering the applicability of the automobile business exclusion, courts have focused on the automobile's use at the time of the accident and not, as plaintiff would have us believe, on the employment of the driver. Thus, in *State Farm Mutual Automobile Insurance Co. v. Mid-Continent Casualty Co.*, 378 S.W.2d 232 (Mo.App.1964), the court considered an issue like that present in this case. There the court held that regardless of whether the driver was an employee of a garage, the automobile business exclusion was inapplicable. Whether an accident arises from "automobile business" depends on the circumstances of the case, the nature of the transaction, its connection with the business and whether it was a natural and necessary consequence of the operation of the automobile business, even though not a foreseeable or expected consequence of that operation. *Id.* at 236. Based on this standard, the court held that at the time of the accident the driver was on a personal mission and, therefore, "the accident was not one arising out of the operation of the service station." *Id.* at 236.

In the present case, we find that the defendant falls within the scope of the policy's coverage. If the plaintiff's argument is accepted, it would mean that under no circumstances would the policy supply coverage when the defendant was operating a non-owned automobile, simply because he owned his own auto repair business. Such a construction contravenes the plain meaning of the policy and the judicial interpretation of this exclusion set forth in *State*

*Farm Mutual Automobile Insurance Co.* It should be clear that the exclusion is intended to apply only when the automobile is being maintained or used in connection with some automobile business. The portion of the exclusion demonstrating this limitation reads as follows: "This policy does not apply . . . to a non-owned automobile . . . used by any person *while such person is . . . engaged* in the automobile business . . . ." The defendant was operating the automobile for his personal use when the accident occurred. He was not engaged in the automobile business at this time and consequently he is entitled to coverage.

Indeed, we note that the cases cited by plaintiff in support of its position are those in which a non-owned automobile was used in the course of automobile business. *See e.g. Weston v. Great Central Insurance Company,* 514 S.W.2d 17 (Mo.App.1974); *Trolio v. McLendon,* 4 Ohio App.2d 30, 211 N.E.2d 65 (Ohio App.1965). This is the precise situation that the exclusion is intended to address—not, as in this case, use on a purely personal mission by one who happens to be in an auto-related business.

Plaintiff is correct in pointing out that running an automobile business exposes one to increased risk of liability and that an insurance company has the right to contractually limit the risk which it desires to assume. In ·test driving a car which he desired to purchase, however, the defendant was engaged in an activity unconnected with his automobile business and undistinguishable from activities undertaken by any common car owner. Consequently, the exclusion is not applicable.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.